# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-60165-BLOOM/Reid

CLINTON M. DINNALL,

     Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,

     Defendant.

_____/

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation of Magistrate Judge Reid (the "Report"). *See* ECF No. [15]. This action was previously referred to the Honorable Lisette M. Reid for a Report and Recommendation on any dispositive matters. *See* ECF No. [2]. On June 4, 2019, Judge Reid issued the Report recommending that the Petition for Habeas Corpus Relief, ECF No. [1] ("Petition"), be denied on the merits and that no certificate of appealability be issued. ECF No. [15], at 49. The Report advised that any objections to the Report's findings were due within fourteen days of receipt of the Report. *Id.*

Plaintiff has timely filed objections to the Report. *See* ECF No. [18] ("Objections"). The Court has conducted a *de novo* review of the portions of the Report to which Petitioner has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the Report for clear error, and finds that the Objections are without merit and are therefore overruled. *Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)). The Court first notes that the majority of

Petitioner's Objections are improper, as the objections are either further expansions of arguments originally raised in his Petition and considered by the Magistrate Judge or are merely just disagreements with the Report's findings. These objections include:

1. Petitioner's objection to the Report's finding that Claim Ten is not unexhausted and thus not procedurally barred from federal habeas review, and that the equitable exception should apply. ECF No. [18], at 2-4.

2. Petitioner's objection to the Report's finding that Claim Two is not cognizable under § 2254. *Id.* at 9.

3. Petitioner's objection to the Report's finding that Claim Three is not cognizable under § 2254. *Id.* at 10.

4. Petitioner's objection to the Report's finding that Claim Four is not cognizable under § 2254. *Id.* at 11.

5. Petitioner's objection to the Report's finding that Claim Five is not cognizable under § 2254. *Id.* at 12.

6. Petitioner's objection to the Report's finding that Claim Six is not cognizable under § 2254. *Id.* at 10.

7. Petitioner's objection to the Report's finding that Claim Seven is not cognizable under § 2254. *Id.* at 10.

8. Petitioner's objection to the Report's finding that Claim Eight is not cognizable under § 2254. *Id.* at 11.

9. Petitioner's objection to the Report's finding that Claim Nine is not cognizable under § 2254. *Id.* at13.

10. Petitioner's objection to the Report's finding that Claim Ten is not cognizable under § 2254. *Id.* at13.

11. Petitioner objection to the Report's finding that Claim Eleven is not cognizable under § 2254. *Id.* at14.

12. Petitioner's general objection to "any findings" in the Report lacking the "conclusion that counsel provided constitutionally deficient representation," which he argues demonstrates a decision involving unreasonable application of clearly established federal law. *Id.* at15.

Upon review, the aforementioned objections merely expand upon and reframe arguments already made and considered by the Magistrate Judge in her Report, or simply disagree with the Report's conclusions. "It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report and Recommendations]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). As a result, these objections are due to be overruled.

Petitioner also objects to the Report's recommendation that Claim One, his claim that the trial court erred in denying his request to call David Clarke as a witness, be denied as without merit, arguing that it was reviewed under an improper standard of review. ECF No. [18], at 7. Specifically, Petitioner argues that this claim was "undoubtedly reviewed by the magistrate under a *Strickland* analysis." *Id.* In the Report, however, Judge Reid specifically states that as it relates to this claim that "Petitioner has not established that his counsel's performance was deficient under *Strickland*. *In any event*, Petitioner has not established that the state court decisions were either contrary to or involved an unreasonable application of clearly established federal law." ECF No. [15], at 27 (emphasis added). Thus, while this Court disagrees that the Magistrate Judge applied the incorrect standard in evaluating Claim One, it is clear that Claim One was not solely evaluated under the *Strickland* standard. Therefore, Petitioner's objection is without merit and is overruled.

Petitioner further objects to the Report's finding that he failed to demonstrate the existence of any factual disputes, and thus an evidentiary hearing is unwarranted. ECF No. [18], at 15.

Petitioner again objects to the Report's ultimate conclusion but he has failed to identify a single factual dispute in existence. Thus, the objection is improper and must be overruled.

Lastly, Petitioner objects to the Magistrate Judge's conclusion that Petitioner is not entitled to a certificate of an appealability. *Id.* Because the Court agrees with the Magistrate Judge's analysis and her conclusions and further determines that all of the Petitioner's objections are without merit, the Court agrees that a certificate of appealability should not be issued. Petitioner's final objection is therefore, also overruled.

The Court has conducted a *de novo* review of Judge Reid's Report, the record and applicable law, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review of the record and the Report, the Court finds Judge Reid's Report to be well reasoned and correct, and the Court agrees with the its analysis.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Reid's Report and Recommendation, **ECF No. [15]**, is **ADOPTED**.

2. Petitioner's Objections, **ECF No. [18]**, are **OVERRULED**.

3. The Petition for Habeas Corpus Relief, **ECF No. [1]**, is **DENIED**. No Certificate of appealability shall be issued.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on August 2, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Lisette M. Reid

Counsel of Record

Clinton M. Dinnall
L53346
Columbia Correctional Institution-Annex
Inmate Mail/Parcels
216 S.E. Corrections Way
Lake City, FL 32025-2013